IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SEDAKA DAMON BETTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:13 CV 2131 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the motion of Sedaka Damon Betts under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody, and Betts' motion to appoint counsel. For the reasons stated below, I conclude that an evidentiary hearing and the appointment of counsel are required.

**Background**

On April 19, 2012, Betts pled guilty in this Court to being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g).[1] On October 19, 2012, I sentenced Betts to a term of 90 months imprisonment with two years of supervised released. No appeal was filed.

On April 22, 2013, I received a letter from Betts, in which he complained that the Assistant United States Attorney ("AUSA") on his case had not filed a motion for reduction in sentencing under Rule 35(b) of the Federal Rules of Criminal Procedure as had been promised.[2] Betts also wrote:

---

[1] Betts' criminal case is case number 4:11 CR 521 RWS.
[2] Rule 35(b)(1) of the Federal Rules of Criminal Procedure provides that within one year of sentencing, the government may move for a reduction in sentencing if the defendant provides the government with substantial assistance. Fed. R. Crim. P. 35(b)(1). Betts' claims in his habeas petition focus on the AUSA's alleged promise to file a 35(b) motion after sentencing. However, because the instant matter of whether an evidentiary hearing is

-1-

> My attorney at my day of sentencing – took the appeal paper telling me he'd handle it only to duck and dodge my calls and letters, only to tell me 3 months after 'Oh, I forgot about it – plus you have no grounds to appeal anyway' then he went on to say just relax – you still got two Rule 35's coming from Tom Rea & Serena Wisler.

Betts' Letter at 2 (emphasis added). After I received the letter from Betts, I forwarded a copy of the letter to both the AUSA on the case and Betts' attorney. The record indicates that Betts' attorney filed a memorandum with the Court on May 23, 2013, in which he addressed some of the concerns raised by Betts in his April 22 letter. However, this memorandum is missing from the record, and it is unclear whether the attorney addressed the allegation that he did not file an appeal when instructed to do so.

On August 9, 2013, Betts sent me another letter, which stated in part as follows:

> I've called [my attorney] over 50 times – He voicemailed me every time and I called <u>Pre</u> paid on my end. I wrote him 20+ letters – He never responded…He failed to file my Appeal and never took my call after my sentencing but once + then he was talking not about my appeal – but Tom Rea + Ms. Wissler filing my motions after the holidays.

Id. Throughout the letter, Betts states that all of his phone calls with his attorney were recorded and that a review of the calls would support his allegations.

After reviewing the letter, I found that it would be more properly filed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 because Betts complained that his attorney failed to file an appeal on his behalf. Betts consented to construing his letter as a motion under 28 U.S.C. § 2255, and he filed an amended § 2255 on the Court-provided form.

In his amended § 2255 petition, Betts again claims that he asked his attorney to file an appeal after sentencing but no appeal was ever filed. He states that "I made it clear – I wanted to appeal, but my attorney did not comply with my wishes stating – He didn't because after the

---

warranted may affect whether resolution of Betts' claim on the merits is necessary or even appropriate, I will not address the merits of Betts' petition at this time.

Christmas Holiday Serena Wessler / Tom Rea would file for my 2 Rule 35 motions – These calls are on recorded lines." Pet. at 11.  He also states, "My attorney took the appeal form at sentencing then he never filed it – he wouldn't take my calls, respond to my letters, e-mails. He let the time expire." Id. at 3. Although Betts does not explicitly bring a claim for ineffective assistance of counsel based on these grounds, I will construe Betts' allegations as a claim that his attorney provided ineffective assistance of counsel for failing to file a direct appeal as instructed. See Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994).

## Discussion

"A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." Estes v. United States, 883 F.2d 645, 648-49 (8th Cir. 1989) (internal citations omitted). "[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." Id. (internal citations omitted); see also Williams v. Lockhart, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988) ("[D]eficient attorney performance in perfecting an appeal is prejudicial under the Strickland . . . standard for determining ineffective assistance of counsel.").

"Whether a defendant asked his lawyer to file a notice of appeal presents a question of fact and . . . 'if the motion, files, and records of the case were inconclusive regarding whether [defendant] instructed his counsel to file an appeal,'" a district court must hold an evidentiary hearing on the issue of whether the defendant instructed his attorney to file the appeal. Crutcher v. United States, 2 F. App'x 658, 660 (8th Cir. 2001) (quoting Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir.1992)); see also Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (quoting United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005))

("A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the rules and records of the case conclusively show that [he] is entitled to no relief.'").

Betts has alleged that he instructed his attorney to appeal in his § 2255 petition, his April 22, 2013 letter, and his August 9, 2013 letter. Betts also states that he asked his attorney to file the appeal on the day he was sentenced. As a result, Betts has alleged that his request was timely. See Fed. R. App. P. 4(b). If Betts' attorney failed to file an appeal as instructed, Betts would be entitled to relief. Estes, 883 F.2d at 648-49. There is no evidence in the record that contradicts Betts' allegations. As a result, I cannot say that the record of the case conclusively shows that Betts is entitled to no relief. Therefore, an evidentiary hearing must be held to determine whether Betts timely requested an appeal. See Crutcher v. U.S., 2 Fed.Appx. 658, 660 (8th Cir. 2001); Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992). Because the Court will hold an evidentiary hearing, I must also appoint counsel for the petitioner. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), Rules Governing § 2255 Proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Court will hold an evidentiary hearing on whether Betts requested an appeal.

**IT IS FURTHER ORDERED** that Betts' motion to appoint counsel #[3] is **GRANTED.** Brent Labovitz, 7700 Bonhomme Ave., Suite 350, St. Louis, Missouri 63105, 314-726-1300, is appointed to represent movant in this matter pursuant to 18 U.S.C. § 3006A. If requested, the Clerk of the Court shall provide movant's newly-appointed counsel with a complete copy of the court file at no cost including any sealed documents required by counsel in the related case number 4:11 CR 521 RWS.

**IT IS FURTHER ORDERED** that a status conference <u>with counsel only</u> is set for **<u>Friday, August 7, 2015 at 11:30 a.m.</u>** in my chambers, 16-South, to discuss scheduling and other matters.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2015.